UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA HILL, individually and on behalf of a class of others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) WORLD WIDE TECHNOLOGY ) HOLDING CO, INC., and WORLD WIDE ) TECHNOLOGY, INC., ) ) Defendants. ) | Case No. 4:11CV02108 AGF |

## MEMORANDUM AND ORDER

This action for unpaid overtime wages is before the Court on Plaintiff Donna Hill's unopposed motion for approval of the collective action settlement agreement and agreement for attorney's fees reached in this case. For the reasons set forth below, this motion shall be granted.

## BACKGROUND

Plaintiff alleges in her complaint that Defendants have maintained a practice and policy of denying overtime wages to its sales operations employees, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Missouri's wage and hour law. Count I of the complaint is brought as an opt-in collective action under the FLSA on behalf of Plaintiff and all other similarly situated sales operations employees employed by Defendants in the last three years. Count II is brought as an opt-out class action under Missouri law and Federal Rule of Civil Procedure 23.

The Case Management Order in the case was entered on March 12, 2012. The next docket activity was a Notice of Settlement, filed by Plaintiff on July 23, 2012. Along with the present motion, filed on September 6, 2012, Plaintiff has submitted for judicial review the Settlement Agreement and Release of Claims reached by the parties. Pursuant to the Agreement, all eligible FLSA collective class members will be provided notice of the terms of the Agreement, and a form to complete in order to participate in the settlement. Participating individuals will receive monetary relief, from a confidential settlement fund, that approximates full value for the actual overtime worked but not paid for. Eligible class members who do not participate will receive a check of $200 with a further notice of their options. Only eligible class members who participate or who negotiate the $200 check will release their alleged overtime claims against Defendants. The named Plaintiff will be paid a reasonable service award for pursuing the case.

By separate agreement, the parties have settled the matter of attorney's fees, costs, and expenses, such that payment of these agreed-upon sums will not diminish the amounts payable to the class.

## **DISCUSSION**

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Accordingly, as long as the Court is satisfied that a settlement reached in adversarial proceedings represents a fair and equitable compromise of a bona fide wage and hour dispute, the settlement may be

approved, and stipulated judgment entered." *Simmons v. Enter. Holdings, Inc.*, No. 4:10CV00625, 2012 WL 2885919, at *1 (E.D. Mo. July 13, 2012) (citing cases).

"To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees." *Grove v. ZW Tech, Inc.*, No. 11–2445–KHV, 2012 WL 4867226, at *2 -3 (D. Kan. Oct. 15, 2012). To determine whether a settlement of an FLSA collective action is fair and equitable to all parties, courts apply the same fairness factors as apply to a proposed class action settlement under Rule 23, which include "(1) whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation and (4) the judgment of the parties that the settlement is fair and reasonable." *Id*.

Here, upon review of the complaint, the terms of the settlement agreement, the notice and form for participation to be provided to all eligible class members, and the memorandum in support of the motion for approval, the Court finds that the litigation involves a bona fide dispute, and that the settlement agreement is fair and equitable. Further, the form of notice is fair and accurate, and reasonably advises class members of the terms of the settlement and their options with regard to the settlement. The Court also finds that the separate agreement for attorney's fees, expenses, and costs is reasonable.

The Court notes, as stated above, that the payment of fees, expenses, and costs will not diminish the funds payable to eligible class members.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed motion for approval of the FLSA collective action settlement reached in this case is **GRANTED**. (Doc. No. 26.)

**IT IS FURTHER ORDERED** that the parties shall proceed, and shall provide notice to the class, in accordance with the settlement.

**IT IS FURTHER ORDERED** that, for purposes of resolution of the case, and consistent with the above decision, Count II of the complaint is **DISMISSED without prejudice**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2012.